```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TIMOTHY NEIL MARKS,

                    Petitioner,
                                          04 Civ. 1343 (DAB)
          -against-                       MEMORANDUM & ORDER

UNITED STATES OF AMERICA, and INTERNAL
REVENUE SERVICE,

                    Respondents.
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

Pro se Petitioner Timothy Neil Marks ("Petitioner") seeks to quash an administrative summons served by the Internal Revenue Service ("IRS") on a third party, JP Morgan Chase Bank ("Chase"). Respondents, the United States of America and the IRS, move to dismiss the Petition for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6). Petitioner has failed to respond to the motion. For the reasons explained below, Respondents' motion is granted.

I. BACKGROUND

The IRS served the administrative summons that Petitioner seeks to quash on Chase on November 14, 2003. (Williams Decl. ¶ 2 and Ex. A.) The summons, which sought records regarding Petitioner's accounts at Chase from 1996 through 2002, was issued in connection with the IRS's investigation of Petitioner's income

tax liability for those years. (Pet. Ex 1; Resp. Mem. at 1.) On November 14, 2003, the IRS sent notice of the summons to Petitioner via certified mail. (Resp. Mem. at 2; Ex. B.) The notice also contained instructions explaining how to quash the petition, and explaining that any petition to quash must be filed in federal district court and served on the IRS within 20 days of the date of the summons. (Resp. Mem. at 2; Ex. C.)

On February 18, 2004, Petitioner filed a petition to quash the summons. (Resp. Mem. at 2.) Petitioner never served the IRS. (Id.) Chase has voluntarily complied with the IRS summons. (Id. at 2.) The IRS has not taken any action regarding the information, and has agreed not to use any the information until the Court decides Respondents' motion to dismiss. (Id. at 3.)

## II. DISCUSSION

Respondents argue that Petitioner's Petition should be dismissed for lack of subject matter jurisdiction because it was not filed or served within the statutory deadline of 20 days after the INS mailed notice of the summons to the Petitioner. (Resp. Mem. at 3.)

A taxpayer whose records are sought from a third-party record keeper may seek to quash a summons by petitioning a district court within 20 days after the date that the IRS sends a

notice of summons to the petitioner.  See 26 U.S.C. § 7609(b)(2)(A); <u>Villella v. United States</u>, No. 99 Civ. 3975, 2000 WL 968773, 2000 U.S. Dist. LEXIS 9751, at *1 (S.D.N.Y. July 12, 2000).  A petition to quash a summons issued to a third-party record keeper must be commenced in the federal district court where the third-party resides or does business.  See 26 U.S.C. § 7609(h)(1); <u>Cosme v. IRS</u>, 708 F. Supp. 45, 47 (E.D.N.Y. 1989).  The petitioner also must serve a copy of the petition to quash within the same 20 days to the IRS office specified in the notice of summons, and to the third-party record keeper being summoned.  See 26 U.S.C. § 7609(b)(2)(B).  Although the United States generally is immune from lawsuits, the Government waives sovereign immunity during this 20-day period to allow a taxpayer to challenge the summons.  See <u>Upton v. IRS</u>, 104 F.3d 543, 546 (2d Cir. 1997); <u>Gilmartin v. IRS</u>, 174 F. Supp. 2d 117 (S.D.N.Y. 2001); <u>Villella</u>, 2000 WL 968773, 2000 U.S. Dist. LEXIS 9751, at *2-3.  This 20-day period, which is viewed as jurisdictional in nature (<u>see</u> <u>Villella</u>, 2000 WL 968773, 2000 U.S. Dist. LEXIS 9751, at *4 (citing <u>Ramachandran v. United States Attorney for the S.D.N.Y.</u>, No. 92 Civ. 2721, 1992 U.S. Dist. LEXIS 16334, at *4, 1992 WL 320672, at *1 (S.D.N.Y. Oct. 26, 1992))) is strictly construed by courts.  <u>See, e.g.</u>, <u>Gilmartin</u>, 174 F. Supp. 2d at 119 (finding that the court lacked jurisdiction over petitions to

quash where petitions were filed 32 days after notice was given); Villella, 2000 WL 968773, 2000 U.S. Dist. LEXIS 9751, at *5 (finding that the court lacked jurisdiction where petitioners served IRS with petition to quash 21 days after the IRS mailed notice); Cosme, 708 F. Supp. 45, 47 (dismissing a petition to quash filed with the court 23 days after notice of summons was given).

Here, Petitioner was served with the notice of the summons by certified mail on November 14, 2003, and he did not file his Petition to quash the summons until February 18, 2004--well beyond the 20-day deadline--and he also failed to serve the Petition on Respondents, as instructed in the accompanying instructions. Accordingly, the Court grants Respondents' motion to dismiss the Petition for lack of subject matter jurisdiction.

Because the Court dismisses the Petition for lack of subject matter jurisdiction, it does not address Respondent's motion to dismiss for failure to state a claim.

III. CONCLUSION

Respondent's motion to dismiss the petition is granted. The IRS may proceed with its review of the information provided by Chase. Based on the above, and in light of Petitioner's failure to prosecute his own case by not responding to the Respondent's

motion or contacting the Court in any way since filing his petition to quash, the Court dismisses the petition with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

DATED: New York, New York
January 4, 2006

_Deborah A. Batts_
DEBORAH A. BATTS
United States District Judge